UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANTHONY EKEH,**

        **Plaintiff,**

   v.

**PENSKE TRUCK LEASING CORPORATION, L.P., et al.,**

        **Defendants.**

**Case Nos. 1:25-cv-436, 1:25-cv-437**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R, Doc. 7),[1] which advises the Court to dismiss Plaintiff Anthony Ekeh's Complaints in both of these two related actions. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 7) and **DISMISSES** Ekeh's two Complaints (Case No. 1:25-cv-436, Doc. 5; Case No. 1:25-cv-437, Doc. 5).[2] More specifically, the Court **DISMISSES** Ekeh's claims against Defendant Clark County Municipal Court **WITH PREJUDICE**, and **DISMISSES** Ekeh's claims against the other Defendants **WITHOUT PREJUDICE**.

Ekeh, proceeding pro se and in forma pauperis (IFP), filed two separate lawsuits, but with decidedly overlapping allegations. As the R&R notes, both

---

[1] The same R&R is filed in Case No. 1:25-cv-437 as Document 6. For simplicity's sake, though, the Court will refer to only the R&R filed in Case No. 1:25-cv-436, which is Document 7.

[2] Ekeh also moved to dismiss an indictment filed against him in Clark County, Ohio. (1:25-cv-436, Doc. 6). Putting any abstention issues aside, because Ekeh's Complaint does not survive initial screening, the Court **DENIES** that motion **AS MOOT**.

Complaints are "difficult to decipher," (Doc. 7, #139), but they seem to allege harms that the various Defendants committed against Ekeh during his employ as a truck driver at Penske Truck Leasing Corporation, L.P.

Start with the first case (1:25-cv-436). There, he alleges that the "State of Ohio, Clark County" violated the Fourth Amendment by "infring[ing] [his] civil liberties" when it arrested him and prosecuted him without cause. (1:25-cv-436, Doc. 5, #87). He also says the State violated 18 U.S.C. § 287 (a statute that prohibits making false, fictitious, or fraudulent claims to the United States) by relying on an "invalid or overboard [sic] warrant." (*Id.*). Finally, he complains Defendants discriminated against him on account of his disability and created a hostile work environment, thus pressing an Americans With Disabilities Act (ADA) claim. (*Id.*).

Turn to the second case (1:25-cv-437), which raises largely the same claims against the same Defendants, but adds Penske as an additional Defendant. As for the Fourth Amendment claim, Ekeh says Penske "invaded [his] privacy," which ultimately led to the arrest he referenced in the first case. (1:25-cv-437, Doc. 5, #88). He further claims Penske "forged [his] rental contract document with the intent to end [his] work," thus violating 18 U.S.C. § 287. (*Id.*). And he again raises the same ADA claim. (*Id.*).

As the R&R notes, Ekeh also attached an identical "Court Statement" to each Complaint that offers more detail about the maltreatment he's apparently suffered at the hands of Defendants. (1:25-cv-436, Doc. 5, #90–97; 1:25-cv-437, Doc. 5, #92–99). In short, that statement claims that, after Ekeh "nailed" several Defendants

2

named in these two cases "in a fraud and murder case," they've "[s]topped at nothing ... to get rid of [him]," including by "weaponizing money, malicious prosecutions, illegal search and seizures of very confidential properties, unlawful detainment, surveillance abuse by the police," and "interclass harassment." (1:25-cv-436, Doc. 5, #90).

Because Ekeh is proceeding IFP in both cases, (*see* 1:25-cv-436, Doc. 4; 1:25-cv-437, Doc. 4), the Magistrate Judge screened his Complaints in each under 28 U.S.C. § 1915(e)(2). Based on that review, the Magistrate Judge determined that Ekeh failed to state a claim for relief in either. (1:25-cv-436, Doc. 7, #145). The Magistrate Judge first determined that all of Ekeh's claims against the Clark County Municipal Court fail because that entity is non sui juris, or in other words, is incapable of being sued. (*Id.* at #142–43). Turning to Ekeh's Fourth Amendment claims against Penske, the Magistrate Judge concluded they fail out of the gate because the Complaint included no facts plausibly alleging that Penske was acting under color of state law, which a 42 U.S.C. § 1983 claim requires. (*Id.* at #143–44). As for the ADA claims, the Magistrate Judge found that the Complaints failed to allege facts (1) showing Ekeh was an employee rather than an independent contractor, and (2) specifying the actions any Defendant allegedly took to violate Ekeh's rights under the ADA. (*Id.* at #144). And finally, noting that Ekeh may also be pressing other claims against other Defendants, the R&R explained that the Complaints are so "rambling" and "disjointed" that the Magistrate Judge could not discern any viable federal or state claim against those Defendants. (*Id.* at #144–45).

3

Ekeh had fourteen days to object to those conclusions, (*id.* at #147),[3] but he did not. For unobjected R&Rs "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Having undertaken that review, the Court finds no such error in the Magistrate Judge's recommendations to dismiss Ekeh's two Complaints. The Clark County Municipal Court is non sui juris, which means Ekeh can't sue it. *Williams v. City of Columbus*, 892 F. Supp. 2d 918, 923 (S.D. Ohio 2012) (citing *Malone v. Ct. of Common Pleas of Cuyahoga Cnty.*, 344 N.E.2d 126, 128 (Ohio 1976)). And even if the Court construed Ekeh's Complaint as suing Clark County (as opposed to the Clark County Municipal Court—the Defendant Ekeh actually names in the Complaints' captions), that wouldn't work either. Because it's a non-charter community, Clark County likewise is non sui juris. *Divine v. Hamilton Cnty., Ohio Sheriff's Off.*, No. 1:24-cv-564, 2025 WL 81306, at *3 (S.D. Ohio Jan. 13, 2025); *see also Local Government*, Ohio Sec'y of State (July 31, 2025), https://perma.cc/6NBD-S6F2. So, as the R&R recommends, the Court will dismiss Ekeh's claims against that entity with prejudice.[4] (1:25-cv-436, Doc. 7, #147).

---

[3] Ekeh also would have been afforded three additional days to respond under Federal Rule of Civil Procedure 6(d) since the Magistrate Judge sent the R&R to him by regular mail. (*See* Doc. 7). So his deadline to object was July 24, 2025.

[4] One could perhaps argue that a dismissal for lack of capacity to be sued should be without prejudice. After all, when a court lacks personal jurisdiction over a party it is "powerless to

As for the other Defendants, the Court will dismiss Ekeh's claims against them without prejudice. (*Id.*). Ekeh's Complaint in Case No. 1:25-cv-437 puts forth no facts suggesting that Penske was engaged in state action when it allegedly violated Ekeh's Fourth Amendment rights, which is fatal to his claim. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Nor do either of his Complaints state a plausible disability discrimination claim. First, it's unclear whether Ekeh was an employee or independent contractor, and if the latter is true, that would foreclose his ADA claim. *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004). Second, even assuming he was an employee, Ekeh does not allege which Defendant employed him, so the Court cannot tell against which Defendant he's pressing his ADA claim. Finally, Ekeh alleges only legal conclusions, not factual matter to support his ADA claims, which won't do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As to the remaining Defendants and Ekeh's unspecified remaining claims (if he is in fact raising any), the Court, like the Magistrate Judge, is unable to discern any plausible state or federal claims.

That leaves one other thing. Ekeh has now filed three lawsuits asserting the same rambling and largely incoherent allegations against, for the most part, the same

---

proceed to an adjudication," *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012), and therefore typically dismisses that party without prejudice, *see Intera Corp. v. Henderson,* 428 F.3d 605, 620–21 (6th Cir. 2005). One could imagine the same is true of an entity that is not cognizable—the court, in a sense, lacks jurisdiction over that entity. At the same time, though, the reason that dismissals for lack of personal jurisdiction are without prejudice is because jurisdiction may properly lie in another forum. When it comes to non-cognizable entities, however, a plaintiff cannot sue the entity in any court. So perhaps dismissal with prejudice makes sense. In any event, Ekeh has not objected, and the Court concludes that it is certainly not clear error to recommend dismissal with prejudice as to non sui juris entities.

Defendants. (Case Nos. 1:24-cv-281,[5] 1:25-cv-436, 1:25-cv-437). The Court therefore **WARNS** Ekeh that engaging in repetitious litigation against these Defendants, or for that matter, filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, may result in the Court designating him as a vexatious litigator, or imposing other sanctions or pre-filing restrictions.

For the reasons explained, the Court **ADOPTS** the R&Rs (1:25-cv-436, Doc. 7; 1:25-cv-437, Doc. 6). Specifically, the Court **DISMISSES** Ekeh's claims against the Clark County Municipal Court **WITH PREJUDICE**, and the Court **DISMISSES** Ekeh's other claims **WITHOUT PREJUDICE**, which, in turn, means the Court **DISMISSES** his Complaints in both cases (1:25-cv-436, Doc. 5; 1:25-cv-437, Doc. 5). *See* 28 U.S.C. § 1915(e)(2)(B). Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Ekeh leave to appeal IFP. But as a non-prisoner, Ekeh may nonetheless apply directly to the Sixth Circuit Court of Appeals to proceed IFP in that court, should he wish. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** these two cases on its docket.

---

[5] The Court recently dismissed this case with prejudice for Ekeh's failure to prosecute. *Ekeh v. Rambanapas*, No. 1:24-cv-281, slip op. at 2–3 (S.D. Ohio July 29, 2025) (located at docket entry 19).

6

**SO ORDERED.**

August 1, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7